```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
JAMES R. LUPTON, III.,                        :      Case. No. 1:15-CV-1068
                                              :
                Plaintiff,                    :
                                              :
        v.                                    :      OPINION & ORDER
                                              :      [Resolving Doc. 20]
CAROLYN W. COLVIN,                            :
ACTING COMMISSIONER OF                        :
SOCIAL SECURITY,                              :
                                              :
                Defendant.                    :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this social-security disability benefits case, Plaintiff James Lupton moves the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] In its February 4, 2016 opinion, this Court remanded the case for further consideration by the ALJ because the ALJ failed to articulate her reasoning for disregarding State Agency reviewing psychologists Drs. Johnston and Steiger's assessment of Plaintiff's employment limitations.[2]

The Government objects to Plaintiff's request for fees, arguing that the Commissioner's position was substantially justified because failure to elaborate on the weight given to physician testimony was a procedural error, rather than a substantive error undermining justification for denying benefits.[3] The Court agrees with Defendant that the ALJ's failure to articulate analysis was a procedural error, not an absence of analysis. Thus, Defendant's position was substantially justified. The Court **DENIES** Plaintiff's motion for attorney's fees.

---

[1] Doc. 20.
[2] Doc. 16 at 15-19; Doc. 18.
[3] Doc. 22.

Case No. 1:15-CV-01068
Gwin, J.

## I. Background

On May 31, 2013, Plaintiff Lupton filed applications for Social Security Disability and Supplemental Security Income benefits.[4] Plaintiff's application alleged diabetes, back pain, knee pain, insomnia, memory loss, and confusion.[5] Plaintiff alleged a January 29, 2012 disability onset date.[6] After Plaintiff's applications were denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ.[7]

Lupton appeared with counsel at a hearing before ALJ Penny Loucas on December 10, 2014.[8] ALJ Loucas considered various medical opinions and evidence, including Drs. Johnston and Steiger's recommendations.[9] Dr. Johnston found that Plaintiff was able to complete routine to moderately complex tasks, but in a workplace with limited social contact and without a strict daily quota.[10] Dr. Steiger reviewed the record and affirmed Dr. Johnston's findings.[11] Ultimately, Drs. Johnston and Steiger gave the opinion that Plaintiff was not disabled.[12]

On January 8, 2015, ALJ Loucas determined that Lupton was not entitled to Supplemental Security Income or Disability Insurance because "[even with] Plaintiff's limitations, there are jobs that exist in significant numbers in the national economy that the claimant can perform."[13] With respect to Drs. Johnston and Steiger's recommendation, ALJ Loucas stated:

---

[4] Doc. 9 at 10.
[5] *Id.* at 75.
[6] *Id.* at 10.
[7] *Id.* at 6.
[8] *Id.* at 10; Doc. 16 at 1-2.
[9] Doc. 9 at 7-23. In addition to Drs. Johnston and Steiger, ALJ Loucas considered the medical opinions of Psychologist Halas, Psychologist Lechowick, Dr. Sioson, Dr. Thomas, and Nurse Grippi.
[10] *Id.* at 19.
[11] *Id.* at 136-143. Although Drs. Johnston and Steiger conducted separate assessments and provide separate recommendations, this Court will refer to their opinions as a singular "recommendation" because the subject matter relevant to remand is equivalent.
[12] *Id.* at 95, 108.
[13] *Id.* at 22.

2

Case No. 1:15-CV-01068
Gwin, J.

> The undersigned gives some weight to the conclusions of the evaluating sources. They were inconsistent in explaining their conclusions with regard to memory limitations because when you read the individual answers they said that the claimant is not significantly limited in detailed instructions. They also said that the claimant would get more anxious under the pressure of a competitive work environment but that is not consistent with the evidence that his most recent job in Philadelphia was high demand. He worked 7 days a week and it kept him sober.[14]

Lupton filed a complaint with this Court, arguing that the ALJ's conclusions and findings of fact were not supported by substantial evidence and are contrary to law, regulations and Social Security Rulings.[15] More specifically, Plaintiff argued that ALJ Loucas improperly assessed Nurse Practitioner Patricia Grippi's opinion and Drs. Johnston and Steiger's Residual Functional Capacity (RFC) assessments and recommendation.[16]

This Court agreed with Magistrate Judge Vecchiarelli's Report and Recommendation, affirming the ALJ's assessment of Nurse Grippi's opinion, but reversing and remanding ALJ Loucas' consideration of Drs. Johnston and Steiger's recommendation.[17]

Specifically, this Court adopted the Magistrate's determination that ALJ Loucas erred in either not accrediting Drs. Johnston and Steiger's limitation determination or not adequately explaining her decision not to adopt Drs. Johnston and Steiger's report and recommendation.[18] Remand was warranted because while "the ALJ's rationale for awarding some weight to the psychologists' opinions addressed Drs. Johnston and Steiger's memory and adaptation limitations . . . the ALJ's decision does not give this Court insight as to why the ALJ rejected the quota limitation."[19]

---

[14] Doc. 9 at 19.
[15] Doc. 1.
[16] Doc. 15.
[17] Doc. 16; Doc. 18.
[18] Doc. 16 at 19; Doc. 18.
[19] Doc. 16 at 17-18.

3

Case No. 1:15-CV-01068
Gwin, J.

Counsel for Plaintiff Lupton now moves for an order awarding an Equal Access to Justice Act Counsel Fee for $4,630.51.[20] Counsel attaches affidavits and hourly charts justifying the award.[21] The Government does not oppose the calculation of the award, but argues that the award is improper under the EAJA standard.[22]

## II. Legal Standard

Under the EAJA, a prevailing party in litigation with the United States is entitled to reasonable attorney's fees unless the government shows that the position of the United States was substantially justified, or that special circumstances make an award unjust.[23] A Social Security claimant who obtains a remand order from a federal district court pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA.[24]

The government's position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."[25]

Courts in the Sixth Circuit have long recognized that the government is substantially justified in its position when the remand to the ALJ is for so-called "articulation errors."[26] An articulation error is present where record evidence supports the ALJ's decision, but the ALJ fails to adequately articulate his or her reasoning for the decision.[27] Remands on procedural grounds or articulation errors do not warrant awards under EAJA when nothing about the specific remand

---

[20] Doc. 20. Plaintiffs calculate EAJA fees using a rate of $183.75 per hour. Defendant does not object to this rate.
[21] Docs. 20-1-20-11.
[22] Doc. 22.
[23] 28 U.S.C. § 2412(d)(1)(A).
[24] *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).
[25] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).
[26] *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999) (unpublished).
[27] *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 727 (6th Cir. 2014).

4

Case No. 1:15-CV-01068
Gwin, J.

implies a lack of substantial justification. Such procedural errors do not undermine the merits of the decision.[28]

In contrast, complete failure to engage in a required step of the analysis is not an error of degree or articulation.[29] Rather, it is a substantive error in failure to analyze.[30] The Government's position in defending such an error is not substantially justified.[31]

### III. Discussion

This Court ordered a remand pursuant to sentence four of 42 U.S.C. § 405(g).[32] Plaintiff is the prevailing party and the Government does not contend that any special circumstances support denying EAJA relief.[33] Nevertheless, the Government argues that its position is substantially justified because the ALJ's failure to elaborate on discounting Drs. Johnston and Steiger's determination of limitations is merely an articulation error.[34]

Here, the Government's position is substantially justified. This Court previously reversed and remanded ALJ Loucas' determination that Plaintiff was not eligible for SSI because of an articulation error.

The ALJ's error is an articulation error, rather than a substantive error, because it was caused by insufficient explanation rather than absence of explanation. In *Escobar v. Colvin*, the Court found a substantive error where "nothing in the ALJ's decision explained the omission of [specific] limitations from Plaintiff's [RFC medical assessment]."[35]

---

[28] *Id.*; *see also Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999) (holding that while an ALJ's articulation demanded reversal and remand, the ALJ's underlying position was still rational).
[29] *Escobar v. Colvin*, No. 1:13-CV-2508, 2015 WL 4041845, at *4 (N.D. Ohio July 1, 2015).
[30] *Id.*
[31] *Id.*
[32] Doc. 18.
[33] Docs. 22, 23.
[34] Doc. 22.
[35] *Escobar v. Colvin*, No. 1:13-CV-2508, 2015 WL 4041845, at *4 (N.D. Ohio July 1, 2015).

5

Case No. 1:15-CV-01068
Gwin, J.

Unlike *Escobar*, ALJ Loucas explicitly addressed Drs. Johnston and Steiger's assessment and recommendation for Plaintiff and gave specific reasoning for partially discrediting Drs. Johnston and Steiger's recommendation.[36]

Even though ALJ Loucas did not explicitly address the quota limitation, his consideration of Plaintiff's Philadelphia employment may be considered an explanation for omission of the quota limitation. Further distinguished from *Escobar*, the ALJ in *Escobar* attributed "great weight" to the medical opinions at issue,[37] and thus was required to provide greater explanation than ALJ Loucas, who only gave Drs. Johnston and Steiger's recommendation "some" weight. While this Court held ALJ Loucas' reasoning to be an insufficient explanation, her evaluation of the record exceeded the non-existent *Escobar* discussion. .

In *DeLong v. Comm'r of Soc. Sec.*, the court reversed and remanded an ALJ's opinion finding no disability because the ALJ failed to explain his findings in sufficient detail, constituting a procedural error for which attorney's fees should not be awarded under EAJA.[38] Similar to *DeLong*, the error in ALJ Loucas' decision was in the depth of reasoning provided for discrediting Drs. Johnston and Steiger's recommended quota limitation.

The error on remand is an articulation error because it does not necessarily undermine the merits of the Government's reasoning or ALJ Loucas' opinion. On remand this Court instructed ALJ Loucas to either adopt the limitation on quota-related work or explain her decision not to adopt Drs. Johnston and Steiger's recommendation. Neither option inherently renders the Government's position unjustifiable. Even if ALJ Loucas adopts the quota limitation, this alone does not render Plaintiff disabled nor the Government's position unjustified.

---

[36] Doc. 9 at 19  (citing inconsistencies between Dr. Johnston's recommendation and Plaintiff's memory limitation scores and previous "high demand" employment in Philadelphia as reasoning for partially discrediting Dr. Johnston).
[37] *Escobar*, WL 4041845, at *4.
[38] *DeLong*, 748 F.3d  at 724.

6

Case No. 1:15-CV-01068
Gwin, J.

Furthermore, ALJ Loucas thoroughly surveyed the record and presented other objective reasons to deny Plaintiff's application.[39] Outside of the articulation error at issue, Magistrate Judge Vecchiarelli and this Court find no other reason to invalidate ALJ Loucas' determination on its merits.[40]

ALJ Loucas' review of the record in favor of denial and the narrow applicability of the articulation error indicate that the Government's position is justified in substance and could satisfy a reasonable person. Thus, the Government's position is substantially justified and attorney's fees are not warranted under EAJA. However, this finding is without prejudice to Plaintiff reapplying for fees if Plaintiff ultimately succeeds in obtaining benefits.

### IV. Conclusion

The Court **DENIES** Plaintiff's motion for attorney's fees in the amount of $7,640.72.

IT IS SO ORDERED.

Dated: June 27, 2016            *s/          James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[39] *Id.* at 7-28.
[40] *See Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999) (remanding an ALJ's decision because it was based on outdated information, yet holding that the Government's position was substantially justified because there was no evidence that the ALJ's decision was wrong on the merits).